# CASES

## IN THE

# SUPREME JUDICIAL COURT,

## OF THE

# STATE OF MAINE.

---

INHABITANTS OF MACHIAS *vs.* INHABITANTS OF WESLEY.

Washington.    Opinion April 25, 1904.

*Contagious Diseases.*    Board of Health.    *Towns,* when not liable for expenses.
*R. S. (1883), c. 14, § 1; c. 24, §§ 3, 29.    Stat. 1887, c. 101;*
*1903, c. 148.*

The right of towns to recover expenses incurred in cases of contagious diseases is governed by statute.

One Day, resident of an unincorporated township in Washington County, went to Machias for the purpose of consulting a physician.   The physician found that he was suffering with varioloid and immediately reported the case to the local board of health, who, acting in conjunction with the overseers of the poor, and for the purpose of providing for the safety of the inhabitants, removed said Day to a separate house, where he was quarantined, and provided with nurses, medical treatment and other necessaries.

In an action by the town of Machias against the town of Wesley, which is the oldest incorporated adjoining town to the unincorporated township in which Day was resident, to recover the expense thus incurred by Machias, *it is held;* that whether these expenses were incurred in relieving Day as a person found destitute in the plaintiff town under the pauper statutes, or were incurred by the local board of health in the performance of the powers and duties imposed upon it by R. S. (1883), c. 14, § 1, relating to a person who is, or has recently been infected with any contagious disease, there is no statute which gives a right to recover such expense of the oldest incorporated adjoining town to the unincorporated place in which the person cared for has his domicile.   In the absence of such statute, no such remedy or liability exists.

VOL. XCIX 2

The fact that the statute gives to the overseers of the poor of the oldest incorporated adjoining town the care of persons found needing relief in unincorporated places, does not make such adjoining town liable to reimburse another town for the expenses incurred in relieving such destitute person.

The result is the same if the expenses were incurred by the local board of health.

Agreed statement.    Plaintiff nonsuit.

This was an action of assumpsit brought to recover the sum of four hundred eighty-six dollars and thirty-three cents ($486.33) which is the sum expended by the plaintiff town, through its local board of health, in providing nurses and other attendants and necessaries for one Charles Day, a small-pox patient, at Machias during the months of June and July, 1902.

The case is stated in the opinion.

*C. B. Donworth,* for plaintiff.

Day had not removed from township 31 where he lived, nor had he any intention of removing, even temporarily, from his home. Finding himself stricken with disease while working in the woods in a neighboring township, he hastened to his home and there, finding it necessary to consult a physician, proceeded to Machias for that purpose, and for that purpose alone, and with no intention of remaining longer than was necessary to accomplish his object.    Upon his arrival at Machias, the nature of his malady becoming known to the authorities, the law cast upon them the duty of restraining and isolating the patient, and upon him the duty of submitting.    It is therefore contended that R. S., ch. 24, § 29, applies, and that the sick man, being at his home in township No. 31, and stricken with small-pox, on June 16, 1902, was there "found  .  .  .  and needing relief" to the same intents and purposes as though he there remained and sent to Machias for a physician, instead of going himself.    He was, therefore, "under the care of the overseers" of Wesley, and it was their duty to furnish the necessary relief, but which the law for the special protection of the public compelled Machias to provide, through force of circumstances over which neither of the towns, nor the patient, had any control.

We therefore submit that the defendant town is liable from every point of view, and that the action can be maintained.    The burden

thereby cast upon Wesley, however, is more apparent than real for, as Day has no legal settlement in the state, Wesley has the right to recover compensation from the state by virtue of R. S., ch. 24, § 29, as amended by ch. 303, P. L. 1897. The plaintiff town can have no such relief.

*H. H. Gray,* for defendant.

SITTING: WISWELL, C. J., WHITEHOUSE, STROUT, POWERS, PEABODY, SPEAR, JJ.

WISWELL, C. J. On June 16, 1902, one Charles Day, a resident of an unincorporated Township in Washington County, went to the plaintiff town for the purpose of consulting a physician; the physician found that Day was suffering from varioloid, and immediately reported the case to the local board of health, "who, acting in conjunction with the overseers of the poor, and for the purpose of providing for the safety of the inhabitants, removed said Day to a separate house, where he was quarantined, and provided with nurses, medical treatment and other necessaries," at an expense, as claimed by the plaintiff town, of nearly $500. The expense thus incurred is sought to be recovered in this action of the defendant town, which is the oldest incorporated adjoining town to the unincorporated township in which Day was a resident. The case comes to the law court upon an agreed statement of facts, from which the foregoing material facts appear.

Whether these expenses were incurred in relieving Day as a person found destitute in the plaintiff town, under the statutes in relation to the relief of paupers, or were incurred by the local board of health in the performance of the powers and duties imposed upon it by R. S. (1883), c. 14, § 1, in relation to a person who is, or has recently been, infected with any contagious disease, there is no statute which gives a right to recover such expense of the oldest incorporated town adjoining the unincorporated place in which the person cared for has his domicile. It, of course, follows that in the absence of such statute no such remedy or liability exists.

If Day had been found needing relief in the unincorporated township of which he was a resident, he would have been under the care of the overseers of the poor of the defendant town, that being the

oldest incorporated adjoining town. R. S. (1883), c. 24, § 29. But the fact that the statute gives to the overseers of the poor of the incorporated adjoining town the care of persons found needing relief in unincorporated places, does not make such adjoining town liable to reimburse another town for the expenses incurred in relieving such person found destitute in that town. *Ellsworth* v. *Gouldsboro,* 55 Maine, 94; or, if he had been found in the plaintiff town, destitute and needing immediate relief, and had been relieved, it would be the duty of the state to reimburse the plaintiff for the relief furnished, in accordance with chapter 101 Public Laws of 1887, as amended by chap. 148 Public Laws of 1903, inasmuch as he had no legal settlement within the state.

The result is the same if the expenses were incurred by the local board of health under R. S. (1883), c. 14, § 1. That section as amended is as follows: "When any person is or has recently been infected with any disease or sickness dangerous to the public health, the local board of health of the town where he is, shall provide for the safety of the inhabitants, as they think best, by removing him to a separate house, if it can be done without great danger to his health, and by providing nurses and other assistants and necessaries, at his charge or that of his parent or master, if able; otherwise, at that of the town to which he belongs."

These words of this section, "the town to which he belongs," have been construed to mean, the town in which he has his pauper settlement. *Kennebunk* v. *Alfred,* 19 Maine, 221; *Hampden* v. *Newburgh,* 67 Maine, 370. Day did not have his pauper settlement in the defendant town, and in no sense did he belong to that town,—he did not even live there temporarily. True, Day's father at one time had his pauper settlement in that town, but he had lived in this unincorporated township for more than five consecutive years prior to the time that the son became of age, so that, in accordance with R. S. (1883), c. 24, § 3, he and those who derived their settlement from him lost their settlement in that town.

It follows that the defendant town is not liable for these expenses, however incurred, and that the action cannot be maintained. In accordance with the stipulation of the report, the entry will be,

*Plaintiff's nonsuit.*